felony under SORA because it does not qualify as a predicate felony for sentencing purposes in New York (*see* Penal Law § 70.06 [1] [b] [i]; *People v Muniz*, 74 NY2d 464, 471 [1989]). As the court properly concluded, Correction Law § 168-*l* (5) (b) (iii) does not incorporate the definition of a second felony offender set forth in Penal Law § 70.06 (1) (b) (i) in the criteria for determining whether a felony committed in another jurisdiction is a felony with respect to risk factor 9.

Risk factor 11 concerns drug or alcohol abuse, and defendant admitted that he was arrested between 30 and 40 times in Texas for drug and alcohol related offenses and could not remember 14 years of his life because of his drug and alcohol abuse. Indeed, defendant has not shown successful completion of any treatment program, nor has he shown that he attended Alcoholics Anonymous meetings (*cf. People v Wilbert*, 35 AD3d 1220 [2006]). We thus conclude that the court's assessment of points for risk factors 9 and 11, respectively, is supported by the requisite clear and convincing evidence. Present—Martoche, J.P., Smith, Peradotto, Pine and Gorski, JJ. [*See* 14 Misc 3d 1201(A), 2006 NY Slip Op 52377(U).]

THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v LARRY HOLMES, Respondent. (Appeal No. 1.) [852 NYS2d 924]—

Present—Martoche, J.P., Smith, Peradotto, Pine and Gorski, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v LARRY HOLMES, Respondent. (Appeal No. 2.) [853 NYS2d 818]—

Memorandum: The People appeal from an amended order granting that part of the omnibus motion of defendant seeking